23-13025. Mr. Sykes, you may proceed. I see that you have reserved five minutes for rebuttal. Thank you, Mayor. Yes, I have. And first of all, thank you very much. It's an honor to be here and I appreciate you guys giving me the opportunity. I represent William Sweet, Constituent of the Fathers, and Glen Rock, three men that have each been condemned to die pursuant to the laws of the state of Florida. Each has sought the Florida Supreme Court to obey the laws that's also been established by the Florida Legislature to monitor the Capital Collateral Regional Counsel System. So, Counsel, I want to – I'll assume for the moment that the law does allow what you've just said, which is allow capital prisoners who have been assigned counsel to monitor or review or file complaints about them as interested parties. So I'm going to assume that for the moment for the purposes of standing. And I'm even going to assume for the moment that you've alleged standing with regard to nominal damages. Can you show me where in your complaint you've alleged any indication that there will be future issues for which you are entitled to standing for declaratory or injunctive relief or for a writ of mandamus requiring that something be done in the future? First off, I think that you've got to recognize that the Florida Legislature used the term shall. And it did a two-part analysis. If I can, sir. I know. But, Counsel, we're going to get to the statute. I'm assuming you're right about the statute. Yes, sir. In other words, my question is you're right on the statute. I'm going to get to why I think you're not. But that's for the merits. On standing, I'm assuming you are right. My question is where in the complaint did you allege that any of the plaintiffs here will be filing future complaints with the Florida Supreme Court for which the policy would prohibit them from doing so? Well, they all will be filing, yes. I know you're telling me that. Can you show me in the complaint where that is alleged? Well, I attached inside of the complaints files. So you attached four of them, two from the plaintiffs and two from individuals, Mr. Wall and I forget any other name, but from another individual who had not. I understand in the past there is a policy that you've alleged. And I understand that in the past people have done it. And what you have alleged is each of them have filed or have complained or have filed complaints. My question is very specific. And the reason is because the Supreme Court has told us that standing is not given in gross, that it must be for each claim of relief. And you've alleged future relief for declaratory judgments, for injunctive relief, and for writ of mandamus. And my question is, have you alleged either in the attachments, and I've read every one of them, and the complaint itself, where there is a future allegation such that they're going to do this, they are going to have inadequate representation in the future, they believe they are, and they are going to be filing or likely will and would like to file but for the policy? I think, if I may, Your Honor, I think it actually goes a little bit further down the road than where I am right now. But the point is this. Since I think it's 2011, the last time the Florida Supreme Court adopted, or it might be 2009, the last time the Florida Supreme Court took a Chapter 27, 711.12 allegation and did anything with it was in 2009 or 2011. I made sure I would tell you the date. Specifically, though, the problem with it is that since that time frame, there has been no monitoring of the system. The system has gone on without any monitoring. I know, but we don't have to – the allegations don't need to be that much. All you need to say is my client would like – they don't even have to have done it. My client would like to file a complaint under 2711.12, the statute at issue here. I can look it up if you'd like me to, but you know which one I'm talking about. Yes, 27.711 subparagraph 12. Thank you. So they'd like to file a subparagraph 12 complaint, but this policy prohibits it, and we need to get rid of the policy. Let me just fast forward a little bit because I've asked it now three times and I haven't gotten any answer to it. I've read it, and I haven't found any allegation of future – of indication of likelihood or future that they are going to do something or would like to do something but for the policy. And where that's the case, assuming there is no allegation, how do we have standing – how do you have standing for us to give you relief on a declaratory judgment in the future, an injunctive relief in the future, and a mandamus in the future? I would simply state, Your Honor, if I haven't set it out enough for you – and I will tell you, I'm a simple country lawyer. I don't do a lot of this stuff, so maybe I didn't do it as well. You're doing pretty darn well for a simple country lawyer, counsel. Thank you, sir. But I would simply state that if the court wants to give me leave to go back and amend for the clarify, I'm happy to do that. And I can go forth in much greater detail as to the claim of each. And I will tell you, all three of these men are death row inmates down in Florida. Each one of them have tried to go into detail about all the different stuff, and I've made it clear to them. I said the simple question first is not your Chapter 27, 7, 11, 12 issue, yours and yours is yours. It's the overall principle about whether or not there is a cause of action. The Florida Supreme Court is already required to receive these complaints. And as a result of it, in an argument with my clients, I said we don't need to get that far yet. The first thing is – Well, I don't know that you do. What I do think you may need to do is allege that they'd like to do this and will do this, but for the policy. And I will tell you, absolutely, if I need to do that, if I'm given the opportunity, I will. Well, I will say if we do rule against you on standing grounds, at least with regard to the future allegations – I'm going to get to the nominal damage one with your opposing counsel, but at least with regard to the future ones, the remedy is dismissal without prejudice, not dismissal with prejudice, in which case you can refile. So let me – I want to get to the merits a little bit because you've wanted to go there. So you have this view, and you mentioned the shall, that the statute says that any interested person shall have the right to do this, to file this. Now, you read interested person to be your clients. I can't think of anybody more interested in the effectiveness of this system than the person condemned that I am. Let me ask you a couple questions regarding that because it hinges on that, the merits part, hinges on that. So, first of all, we have Barwick. And in Barwick, the Supreme Court, which we're bound to – you know, we're not Florida judges. We're Federal judges. We're bound by their view of Florida law. And in Barwick, what they said about this statute and others, which is, quote, that the provisions of Chapter 27, so that would include subsection 12 that we're talking about, but the provisions of Chapter 27, quote, explicitly prohibiting capital defendants from raising claims of ineffective assistance of counsel or otherwise challenging the adequacy of their post-conviction representation. But the issue, sir, that is not – and we – and this is an entirely crucial point. My clients have never claimed effective assistance of counsel. That is not – So I agree with you. The first part of that sentence doesn't apply. But the or is or otherwise challenging the adequacy of their post-conviction representation. It's the system that they're challenging. And the system that – Yeah, but that's the adequacy of it. In other words, it doesn't matter what the cause of the adequacy is, if it's the system or if it's the individual lawyer. But the adequacy, if every challenge to the adequacy of their representation is not allowed under Chapter 27, as read by the Florida Supreme Court, how are we not bound by that? Well, the problem would be that Chapter 27 – actually, 27, 7, 11, 12 means absolutely nothing. Also, it – Okay. So let's posit that. Yes, sir. I thought about that. Because certainly one canon is we have to – it has to mean something. Yeah. But the way we read language, especially where there's a series of things brought together, is we generally read the general at the end consistent with the specific at the beginning of the series. So there's a nice Latin term for it, but I won't use it. In prior materia. Sure, or estundum, something or other. There's a bunch of different ways to look at it. But that's the general gist of all of this. And Florida courts do it as we do. And in that list, as you know, what it says is it lists the interested part. It lists the people as the jack. It lists it as those that are involved with the finances and any interested person. Yes, sir, absolutely. Don't we read interested person consistent with that list of the jack and of the others who – other lawyers who have a financial interest or at stake with regard to this? In other words, we don't read interested persons as anybody. We read it as those who have been invested by law with the authority to watch over the CCRC, right? Well, they're not dealing with these cases on a day-to-day basis. And the only person – I'm not saying it's a good law. I'm just asking, do we read it that way? Well, one example that we have in this case is Glenn Rogers. Glenn Rogers, on his direct appeal, sought to bring up the issue of having a PET scan. And on the direct appeal, which I didn't put in the briefs, but on the direct appeal, they said, well, it may, it may not, but we don't see enough grounds here to reverse the conviction. In the current opinion, and I can't remember which judge it was, and I apologize, a suggestion was made as if it was timely done, maybe we could revisit the issue. He actually had a PET scan timely done, but CCRC counsel did not bring that to the court until after the timeframe had passed. Therefore, he was barred from being on briefs, even though he has a PET scan that essentially shows that he had brain damage and that it should have been an issue brought to the court. And there are lots of groups that are involved in looking at this, both government and nongovernmental, who are interested in this. But how do we read interested persons inconsistently with the list, which includes the Justice Administrative Commission, the JAC, as you know, and the Department of Legal Affairs? Those are both attorney groups that monitor and look at and deal with post-conviction counsel. But it doesn't define interested person as a legal person. You're right. But when it doesn't define it, aren't we required to look at the list consistent with the specific and to treat the general consistent with the specific? Well, I think that interested person is an expansive term. It lists these people and then says, and any interested person. Yeah, anyone like them. No, it doesn't say anyone like that. The legislature is presumed to know what it wants. But why would also be capital defendants? Because capital defendants are in that particular statute of Section 12 where it talks about specifically capital defendant, and capital defendant is also defined. Well, I mean, it says any. That is a broad language saying any. It didn't limit it. It said any. If it wanted to be restricted, it could have used that. But the same chapter, and this goes to reading things in paramateria, in reading things together, the same chapter says that this chapter, Chapter 27, does not create any right on behalf of any person, not just interested, any person, provided counsel pursuant to this chapter, meaning to those specifically who provided counsel, your clients, to challenge in any form or manner the adequacy of collateral representation provided in any form or manner. So the only way to read those things together is to say that any interested person cannot mean your clients. May I respond? I'm moving my time, but I'd like to briefly respond. You can ask our presiding judge. Yes, you may respond. Thank you very much. When you look at Chapter, oh, gosh, what do I do with it? It's 277045, I think, but I have to pull the stash up, and I actually have lost it. Well, I'm just going to read it with you. Bottom line when it says, if the courts find that the CCRC counsel has been constitutionally deficient in two more cases, then that person has got to be removed for five years. What's constitutionally deficient, constitutionally deficient, that means that there's a mechanism in here to make sure whether or not they have been constitutionally deficient. There is, by Jack, by the Department of Legal Affairs, and any interested party consistent with those two things. Ruling on Ventura, no one has brought anything that is preformed to address whether or not the representation was consistent. Those are really good arguments for why Jack and the Department of Legal Affairs are not doing its job, but I'm not sure that's an argument for why your clients are interested persons under the statute. Thank you, sir. My time is concluded. Thank you. Thank you. Ms. Wilcox. May it please the Court, Caitlin Wilcox for the Chief Justice of the Florida Supreme Court. It is undisputed that there is no constitutional right to post-conviction counsel. It is also undisputed that under Florida law, capital defendants may not challenge in any form or manner the adequacy of the collateral representation provided. That's a great merits argument, and you may be right on the merits. In fact, I think you probably are. But the district court dismissed this largely, there's a footnote at the end with an alternative conclusion, but largely based on standing. And the standing argument rests a lot on what you just said, which is, well, there isn't this right, so there's no injury resulting from it. That seems to be completely backwards of how we understand standing law. As best as I understand standing law, and correct me if I'm wrong on this, I'm not an expert on Article III, but as I understand it, the way standing works is we assume that there's a violation as alleged, and then we see from that assumption whether there's an Article III injury. And so here, we don't argue this right doesn't exist. That's at the merits stage. We agree the right exists because they've alleged it exists. We agree there's a procedural due process violation. And then we say, is that procedural due process violation an injury? Did I get anything wrong in the way I just articulated that? You did not. Okay. All right. So then let's not talk about, at least for standing, what the statute says or doesn't say. We take as a given what it says. So then the question is, is the procedural injury that they've alleged, which is I am prohibited from complaining about my counsel even though the statute says I have a right to do so. That's really what they're arguing. Is that not a procedural injury, yes or no? So if they were able to plead that there was a procedural injury, certainly. However, in the complaint itself, and you referenced the attachments, those attachments don't support that they're not able to make a complaint. Well, I'm not sure that that's true. I think what this attachment seems, first of all, what they say is there's a policy by the Supreme Court to reject out of hand any filing from a pro se prisoner who's represented. So that's the allegation. I think we have to take that as a given at standing, whether it's true or not is a separate story. But I think we have to take that as a given. They also say that I have filed it and these things have been kicked back. And then they attach four separate ones with four orders where the Supreme Court either has done one of two things, just said denied, presumably under the policy that they've alleged, says denied because you're represented and there's this rule, or I'm transferring it to another circuit and those circuits have denied it. Well, and I'd like to push back on that because the Supreme Court hadn't outright denied all of them on the basis of the fact that they are pro se litigants. Some of them were. Well, some denied it. They did not express these sites. Right. So we have to read the complaint with the attachments, and the complaint says that it was done based on a policy that has long existed which says we just reject these things out of hand because they're from pro se prisoners. But I don't think we can say that the policy is they reject it out of hand when they don't issue denial for every attachment. They take it to the lower court. I just don't see that as the level of inconsistency which we would reject attachments, where attachments would overcome the allegations, where there's consistency between some of the attachments and the allegations. And these are the attachments that are cherry picked by the appellate to prove their case. Counsel, I'm not saying that you can't prove that this doesn't exist. That's not what we're talking about. What we're talking about here is we take it out of the complaint as it's given at the standing stage. So what we have, as I can tell, is a statute that says this. They're saying I am entitled to that right. I have been denied that right. I have filed these things and been denied that right based on an outright policy of the Supreme Court which says that they will not consider these things from prisoners pro se that are otherwise represented by collateral counsel. And so how is that not a procedural injury? It's not a procedural injury because they do have the ability to peel those denials. One is kicked back to the lower court, and the lower court, if they issue a denial. Some of those were outright denied, but the ones for, I think it's, one of them was for one of the named plaintiffs. Another one may have not been for the named plaintiff. But two of them were outright denied by the Supreme Court. Two of them were not transferred. Right, and that's where they were different pleadings, different motions. And so they do look at each of these motions individually and they make the rulings individually. We don't know that. What we're told is it's done based on a policy. That's what we take as a given. And there's one that's just an outright denial from one of the named plaintiffs. Right, there's one of four that's an outright denial, but that kind of bellies the argument that they're all outright denied. Well, again, I don't disagree that there's some tension there. But at least as to that plaintiff, you have I did it, I was denied based on this policy, you have the motion itself, and an order that's outright denying without any explication of why it was denied. And is the plaintiff's burden to make that argument? They did. I would disagree that they did. And this was dismissed without prejudice, so they weren't precluded from going to the drawing board, clarifying their argument. I know, but the question before us, and you're right, but the question before us on appeal is simply whether the allegations themselves were sufficient to allege Article III standing. And then we'll get to the merits, I promise you. Well, and then with standing, there's three parts. So if there was an injury in fact, which is what the procedural element, there's still traceability and redressability. Here's the problem, though. What we've said with regard to procedural harms, separate from substantive harms, is that the traceability and redressability standards are significantly lowered because for a procedural injury, it's hard to show it's redressable. This comes up in the NEPA context and the environmental context all the time. In that context, the injury is I didn't get my right to notice and comment. But you can rarely ever show that you would win if you gave your notice and comment. In fact, most of the time you're still going to lose. So what we've said there is the procedural injury itself is enough to be able to establish both the traceability and redressability. Here, it certainly is traceable to the Supreme Court. They're the one that's denying it. They accepted this. They didn't say, at least for the transfers, there's an argument that we're not the right court. But for those they accepted, certainly they're the court that this was directed at. And then for redressability, there's no way to show redressability other than the procedural harm itself and that I was entitled to be able to complain about it. We don't know. That's the point. So I'm having trouble seeing how, at least with regard to the nominal damages claim, which is a past claim, how that standing was not shown with regard to that claim. So even if we move beyond standing within this argument that as far as the issue of the remandamus, that the federal court does not have the authority to issue a remandamus. Well, you may. We can probably. I think you might be right about that, but we don't even need to get there if we get to the merits because the district court, as I understand it, made an alternative ruling in a footnote which said, alternatively, I find that there's a failure to state a claim here because there is no procedural injury here. There's no procedural right. So what's your best argument for why that's correct? So when the court in the footnote made a statement about the no injury, that was also about the fact that it wasn't a 1983 claim because we're not talking about a federal claim. No, what I'm talking about here is this is the order on footnote 4 on page 7. Quote, even if the plaintiff did have standing, they did not, they failed to state a claim upon which relief can be granted and citing 12b-6, which is the relief can be granted rule. A 1983 claim alleging a denial has to show these three things. Plaintiffs do not have a constitutionally protected liberty interest to affect the post-conviction counsel. They do not have a right, a claim for deprivation of that right. So the district court alternatively ruled on the merits. Why do you win on the merits? We win on the merits, once again, this was brought in federal court, interpreting state law, which this court does not have the authority to do. Well, we have the authority to do it, but not in contravention of the state court. Correct, and the Supreme Court has been very consistent in its rulings as to what rights the post-conviction defendants have with respects to post-conviction. But Barwick didn't address this very issue. Barwick talked about Chapter 27 in general, but it didn't have this issue before it. What your opposing counsel says, and there's some force to it, which says that the statute says two entities, Jack and, frankly, you're off. The Attorney General is the Department of Legal Affairs, right? Correct. Okay, so the Attorney General, Jack, and any interested person can tell us if there's an inadequacy in representation. There's no one more interested than me. I'm the one facing the death sentence, and I'm the one whose attorney is inadequate. Why can't I file a complaint to the Supreme Court saying, hey, my attorney is really stinky. Give me a new one. So that statute says the courts. So the monument of the court, that rests with the local courts, the presiding judge. Where are you getting that from? And I will say, at least at the allegation stage, your opposing counsel has alleged that it's the Florida Supreme Court that has set the policy. And as you know, under the Florida Constitution, the Florida Supreme Court is the rulemaking body for all courts in the state. And so he's alleging that as a matter of rule, courts are prohibited from doing that. So I'm not even sure it matters if it's the Supreme Court or the circuit courts or whoever, but the point is the courts aren't allowed to accept these things because they're represented and there's a rule that says for pro se parties that are represented, you can't file stuff. Correct. So within Chapter 12. So I guess what I'm saying is why is this reading of subsection 12 wrong? It's wrong because it outlines what quality representation looks like and it outlines who are the individuals that are responsible. Right, but any interested person, if you just took that alone, there's no one more interested than opposing counsel's clients. It would seem to me. Correct, but the issue is that they have counsel and one of the orders that was attached stated that their counsel didn't adopt any of the arguments. Yeah, but I'm allowed to file a bar complaint even if I'm represented. I mean, right? Right. So there's nothing. The fact that I'm represented by somebody doesn't change that I'm interested in the outcome. I mean, the question is what does the statute – I understand there's a rule separate from the statute, but the question is does the statute give that right to the plaintiffs? How are we supposed to read this any differently than your opposing counsel has said you're supposed to read it? I think because you read Chapter 27 as a whole, and within Chapter 27 there's additional statutes which talk about that the defendants cannot attack the collateral representation. So the fact that the state legislature was very expressed that these individuals cannot attack. I think what your opposing counsel's response may be, and he made something like that when he was up here with me, is that, well, they don't want to file an ineffective assistance of counsel claim on collateral counsel. They know under law that's not allowed, at least in Florida. And so that's not what they're trying to do. What they're trying to do is tell the Supreme Court, or tell the courts that has an obligation to monitor collateral counsel, some problems that are going on in the regional counsel's office. So once again, when we talk about standing and the traceability argument, is it the Supreme Court's action or is it the action of these other parties that are expressly named? Would they be the better defendants or better defendant in the lower court? Well, the complaint is to the court. In other words, if the court is the one that is the accepting body of the notice in common, in other words, if the EPA is one that has to give a permit for a dock on a body of water and the EPA gives the permit without notice and comment, then the right person is the EPA. That's who it's traceable and redressable from. Here, the court, we know because it accepted these things and then denied it outright. And they're alleging because of a policy for which they do not consider them. So the question is the court seems to be the one that these are directed towards and for which it is making a ruling. But I don't think that answers the question of what you just quoted seems to be talking about ineffective assistance of collateral counsel claims. And what your opposing counsel is saying is, yes, my clients don't want to do that. What they want to do is they want to tell the monitoring body, hey, my attorneys are not doing what they're supposed to be doing. Correct. And once again, with the statute that he's quoting, it says courts. It does not say the floor supreme court. If the statute wanted to say floor supreme court, it would have. It said that in other sections within Chapter 27. So is the entire Florida court system the right defendant? Can't the Chief Justice as the chief administrative officer of the entire court system of the rulemaking body serve as the correct defendant for the court system? Correct. But once again, I would push back on the exhibits and the arguments as alleged in that initial complaint. It did not establish that initial harm, that procedural harm. You know, under the Twombly and Iqbal, there has to be more than just conspiracy. I've got to tell you, I agree with you, and I'm a stickler for allegations, but they actually attached the motion themselves, which allege that my clients, my attorneys did things untimely for me. I could read it to you. And they attached the order of the Supreme Court explicitly rejecting it, which he says was based on a policy that they have, and he cites the rule for which they have it. I mean, that's pretty specific. Again, I'm not saying that's true. I'm just saying at the standing stage and even at the motion-dismissed stage, we have to accept the truth of those allegations. Yes. Well, this court does not have to abandon logic, and when they cherry-pick four orders, and they say all of these orders are being rubber-stamped, no, denied, denied, denied, and they aren't, because they were sent back to the lower court. Two. Two were. Correct. Two were sent back to the lower court. So they're being treated individually. And what did the lower courts do in those cases? In those individual cherry-pick cases, the court denied it. Right. But they did not cite the rule that says that pro se defendants can't represent themselves. They had other reasons for denying it. So, once again, he's alleging this kind of conspiracy. There's this big policy that doesn't exist, and the facts as alleged and the attachments presented don't support that. And this is their complaint and their attachments. So of all the— Are you sure it doesn't exist? Yes. Okay. Yes. Because I thought your reading of the statute is they're not entitled to do it, what they're saying they're entitled to do. If that's the case, then the court is absolutely right to reject all of these things. Can you rephrase the question? Your view on the merits, I thought, was that Chapter 27 does not allow them to do what they want to do, which is to separately and independently outside of my attorney complain about the quality of my representation. So there's two statutes that are brought up in the complaint. It talks about a criminal statute that says that pro se litigants can't represent themselves. Right. And then there's Chapter 27, which gives them counsel. And so what the plaintiffs are going to do is attack the counsel they're provided, pro se. And their argument is that it's this criminal rule that's thwarting that. However, we have a number of cases, even like cases where they're— to state that an argument that they're ineffective as counsel isn't being heard by this report, I think that's bellied by the fact that we have cases like Broadwick, where they read these motions about ineffective as counsel and make a ruling. So it really hinges on pro se litigants. Are they being rubber-stamped? No. And I don't think you can say the Florida Supreme Court is rubber-stamping no when the cherry-picked exhibits don't show that rubber stamp. So we're asking this court to affirm the lower ruling. They are not precluded from filing an amended or a second amended complaint. It was dismissed without prejudice. But today this court should affirm the lower court's ruling. Thank you. Thank you, Ms. Wilcox. Mr. Sykes, you have five minutes. Two points. First, going back to some of the questions that Judge Luck asked me earlier, and I want to kind of clarify my point. I brought part of it up, and that is Section 27.7045. That was the statute I was looking for. And I knew what you were referring to. But the interesting part about that language, I think when you do the statutory construction, is in part immaterial. You have to read Chapter 27 and put them all together. And when you actually read that statute, 27.7045, it says that, and if I may, I apologize for reading, but I want to make sure I get it right. Capital case proceedings, constitutionally deficient representation, notwithstanding any other provision of law, an attorney employed by the state or appointed pursuant to 27.711 may not represent a person charged with a capital offense at trial or on direct appeal or a person sentenced to death in a post-conviction proceeding if, in two separate instances, a court in a capital post-conviction proceeding determined that such attorney provided constitutionally deficient representation and relief was granted as well. That plain language established by the Florida legislature would suggest, if not mandate, that it has determined under Chapter 27 whether it's been constitutionally deficient. That's another argument. We're going to get that further down the road if I have the opportunity to amend the pleadings. But that's something that I would really like to further flesh out if the court has concerns about it. And I'm not trying to cherry-pick, but since 2009, I can't find a single published case where the Florida Supreme Court has addressed in detail what to do under 711.12. And we believe that my clients, death row inmates, four of them, have the ability to process these claims, bring them before the court, and have the court determine it. Now, yes, there is the right to ineffective counsel, but as the court is well aware, the statute can provide more interest than what is otherwise constitutionally required, which is effective assistance of counsel. If those factors, I would ask the court to reverse the judgment of Judge Corgan. It will reason judgment. Or at a minimum, let me go back and amend the pleadings to bring forth those questions that have been asked to me today. Thank you very much for your time. Thank you both. We have your case under advisement. Thank you. Thank you. Our sixth and final case of the day, 23-12342, Ben Schott, LLC, versus Two Monkey Trading, LLC, Lucky Shot USA, LLC. And when you get settled, Mr. Provencal, it looks like you are reserving three minutes for rebuttal, but you may proceed when you are situated. May it please the court. My name is Michael Provencal. I represent the appellant in this case, Ben Schott, LLC. This court should reverse the bankruptcy court's ruling because the plain language of Section 1192 of the Bankruptcy Code dictates that result. That is the discharge provision of Subchapter 5 of the Bankruptcy Code. That's where the inquiry must start here. 1192, by definition, applies equally to all Subchapter 5 debtors, corporate and individual alike. In applying that section, it dictates the Bankruptcy Court must accept from discharge. Why does that mean the exceptions, though, apply to both? Let me just fast forward a little bit and tell you how I read the statute or how I think it should be read. This is 1192 we're talking about here. It seems to have two parts. One is the one you just described, which is there is a general rule that all debtors, and that includes individual and corporate debtors, are discharged. Then it has an exceptions part. There are two exceptions, only one that matters here. And that is accepted of the kind that are in Section 50, what is it, 542? 523. 523. So I don't see how the fact that it references debtors in the general rule matters to the second part, especially where we all seem to agree. You argue, and the fourth and fifth sort of agree, that that's passive language in the exception. The passive language isn't specific to the person. It's specific to the kind, right? So then we don't look to the debtor. It doesn't matter who the general is related off of. We only look to what the exception means. And the exception is passive, right? Correct. So then we look to the kind in Section 523. Are we together so far? A hundred percent. Okay, great. So at least that takes the debtors part in 1192 off the table. There's a couple of points that I want to ask about with regard to the kind. You sort of, you and others say the kind has to mean category, and the category here are just the exceptions listed. But I don't see why kind can't also include as categorically individual debt as opposed to corporate debt. In other words, why can't a kind be that which is individual? And if you look to the exceptions, they are really sort of all individually tailored for the most part. Go through the first one. The first one deals with, I won't go through them all, but one deals with individual taxes. One deals with individual lawsuits. Let me go through them because I think it's helpful to do that. The second applies to individual credit. The third applies to individual debt not listed on a proof of claim. The fourth goes to individual fraud, and so on. Why can't the category be individual debt? It certainly could be if Congress wanted to write it that way, your Honor. But it sort of did. It was pretty clear that all the debt is related to individuals. And so why can't the debt be individual debt as a category and not, even if it isn't, in other words, the individual debtor, it is the kind of debt that's individual? I think I understand your question. Let me try to address it. The categories of debt in 523A, some of which are particular to individuals, as your Honor mentioned, but they're not categorically so. I agree, but aren't there enough that are? You're right that some of them I think can be read broadly. But there's enough that are that would seem, if I was to make a category, the category would be individual. But let's say that's not enough. So then the second part is, then you go to the header of the very statute they tell you to look at, in other words, part of the statute, and there it is specific that we're talking about individual debt. And it references 1192. So why not reading all of that together, do we not say that the kind of debt we're talking about is the kind that is individual, individual debt, as opposed to the kind that is corporate or entity debt? Because I don't think Congress made the distinction between the kinds of debts that corporations have and the kinds of debts that individuals have. They made the distinction between the kind of debtor that is applicable to a particular chapter, whether it is an individual debtor or a corporate debtor. But Congress clearly wanted to distinguish kinds. And so you're right that normally things are done by the person. But if we're looking at the kinds, it seems to me that the kind that they're talking about is the kind that only deals with those that are held by individuals. A, most exceptions apply to individuals. And I can go through them all with you, but I think you would agree with me that most of them are applicable to individuals. And secondly, you then have the umbrella and the cross-reference, which refers to individual debt. And so how, putting all that together, can we not just say the kind they're talking about is individual debt as a kind, as opposed to corporate or entity debt as a kind? Well, Your Honor, I'd push back in a couple of regards.  One, the categories under 523, while there are many, there are certain subsections that are more frequently raised, being 2, 4, and 6. 2 is being money received for fraud. 4 is being fraud in a fiduciary capacity, embezzlement or larceny, or what's relevant here, 6, willful or malicious injury. All of those can be done by entities, and in fact was done by the entity debtor here in this case, and found so by the Wisconsin jury. That's what we're talking about as far as categories. As far as how to read the statutes together, I think it's clear that when Congress wanted to differentiate between individual debtors and individual types of debt and corporate types of debt and debtors, it did so, which it did not do in 1192. Well, it didn't do it in 1192, but it did by adding the kinds in 1523 and then adding the cross-reference. And so if you take what the common categories, not all of them, and I grant you that, but the common category of the list in 523A, with the fact that there's a cross-reference there, isn't that an indication that Congress did in fact, in other words, let me put it this way, while in 1523, I'm sorry, why in 1129, 92, it did not answer the question of who, it left that question for 523 where it then indicated who. Well, and I was going to give you the example, Your Honor, where Congress has wanted that result, it said so very clearly, and the example I was going to give you is 1141. And I know that's the example everyone talks about. That is certainly an example of the way Congress could do it, but that doesn't mean that Congress only has to do it that way. It could identify the who elsewhere, and here, it explicitly chose not to say the who, in the exception in 1192. It left a passive, we all agree, but then answered the who in 1523, no? I don't disagree that Congress didn't specify the who in 1192. They did by definition. It applies unoccurrently to all debtors. And I guess that's why I started where I did, because the first part, you're right. Clearly, the discharge applies to everyone. But then it switches language. It switches to passive voice. In other words, you are discharged. That is active voice. But then Congress switches to passive. That has to mean something, and the reason why is because it was not meant to apply to the debtors, and there's no way to read debtor all the way down to the exception, which is far off from there. I'm having trouble doing it. And I don't think any court has read it that way. What they've said is individual in the umbrella doesn't really mean what it is, and kind means category, and the categories could include corporate or individual. Well, because the only reason you get the preamble of 523 is by the cross-reference to 1192 that was added in the SBRA. That provision, that one number, was added by a conforming amendment. Okay. Let's talk about that. That's a great point, and you're right. The courts have done that. Where are you getting that it was a conforming amendment? In the SBRA itself. Okay. You go to the SBRA. Okay. And so what does the law say with regard to conforming amendments? Because this is important. What's the rule that the Supreme Court has laid down with regard to conforming amendments? To answer your first question, just so it's on the record, it's Section 4 of the SBRA. There's no record here. It just is what it is. But go ahead. Fair enough, Your Honor. But the rule, what courts have said, and in particular, I'll highlight the In Re Vans Aircraft case that came out after the briefing here with the 521 authority. Judge Persher discussed it specifically. And the discussion is that you cannot have a conforming amendment surpass the plain language of the substantive statute. What is the rule that we have laid out for conforming amendments that others have laid out that the Supreme Court has laid out? It can't have radical but implicit changes, right? That's the standard. Okay. Let's unpack that. How is it radical, radical, to allow for individual exceptions but not entity exceptions? I know it hurts your client, but how is it radical? Because without that cross-reference, Your Honor, I think the most natural reading of 1192 is it applies to all debtors and it accepts only debts of the type. You may be right. Not debts of the person. You may be 100 percent right. Why is that radical? Because I think you're adding in a shift in what... Well, I didn't do anything. Congress did. But why is that? I guess what I'm saying is when Congress says radical, what they're saying is earth-shattering statutory changes aren't hidden in mouse holes. That's what they're saying there. Right. And so why is this a radical change? Well, I think you have to keep in mind, Your Honor, that this is not just a standalone amendment. This came as part of the entire package of the Small Business Reorganization Act that created... Okay. Let's assume for the moment it is radical. The second part is radical but entirely implicit changes. How is what Congress did implicit? It seems very explicit. It added the statute in the cross-reference. And not only did it add the statute, it added the statute next to individual debtor. So how is that implicit? That seems very explicit. It tends on, again, the focus on what the categories of debt are when Congress says debt of the kind. No. That's one part of the question. But we have to read all of it together. And so the question is, did Congress make a conforming amendment that was implicit, which it generally doesn't do if it's a radical change, or did it make it explicit? And it seems to me that by adding 1192 right next to the words individual debtor in 1523, that it was very explicit about what it was trying to do. Now, whether it's stupid or not is a separate question, but... Can I ask you a question? May I ask a question? 727, that does not apply to individual debtors, correct? 727, yes. As a chapter, 727 applies to individual debtors. Okay. And one of the things we've talked about in the briefing is that those lists of categories of statutes in the 523 preamble are oftentimes duplicative already. 727 is one of the ones that's listed there, Judge Lagoa, but Chapter 7 discharges are only available to individuals. So to limit 523 to say you can only accept these discharges from an individual, only an individual under Chapter 7 gets a discharge. So it's duplicative there. Oh, it's redundant. It's not duplicative. Correct. It is redundant, yes. And likewise with Chapter 13 as well. Chapter 13 is only available to individual debtors, yet Chapter 13's discharge provision... But it's not inconsistent. In other words, if you're doing an umbrella list, some might be redundant because they only apply to individual, but others are not because they apply to both, right? That is correct. There are others that apply to both. But those are two examples where it was.  I see I'm out of time. And you have three minutes for rebuttals. Thank you, Honors. Good morning. May it please the Court. My name is Jonathan Sykes. I'm counsel for the Corporate Debtors and Underlying Bankruptcy Case, Two Monkey Trading, and Lucky Shot USA. So it's well settled that the starting point for this analysis is going to be the statute itself. And I can just run down the list of canons, statutory canons, that the courts have employed. And this... Your Honors are correct that the Appellee's interpretation of this and the lower court's interpretation of these statutes checks off each one. And certainly, I do want to emphasize... I don't think it can be overly emphasized that there are, I count, at least four subsections of 523A that apply exclusively to individual debtors and cannot possibly or logically apply to a corporate debtor. 523A-5 is debt for domestic support obligations that cannot possibly be owed by a corporate debtor. 523A-9, driving while drunk. 523A-15, debts owed to a spouse, former spouse, or child of the debtor. But you could, but that's not necessarily true because you could have a corporation who's held liable or found liable as a result of an agent driving while intoxicated, correct? Yes, but this says, the language, specific language of A-9 says, if such operation was unlawful because the debtor was intoxicated from using alcohol. So it's not just vicarious liability, employer-employee. 523A-9, as we know from Barton Warfer, we can't expand exceptions to discharge beyond what's plainly expressed. 523A-9 is plainly limited to individuals because only individuals can become intoxicated from using alcohol. Corporations can't. So you need to address, it's not just enough for you to say that you check off all the canons. You have to address the arguments that he's making for why, as a matter of the plain text, it shouldn't apply. So argument number one, as I understand it, is that 1192 applies to debtors. Debtors is defined to include individual and entity debtors. I'm using entity debtors as corporate, but entity debtors. And so the exceptions apply the same way the general rule of discharge applies to both. Why is that wrong? Well, Your Honor, it's wrong for a number of reasons. One, 1192 deals with the granting of a discharge in a nonconsensual Subchapter 5 case. It doesn't deal exclusively or necessarily with exceptions to discharge. Exceptions to discharge are governed by Section 523A. Well, except that, I don't know that you can, that would be true if it didn't say at the end, except for these two exceptions, the one we're talking about, which is the exception for of a kind of those in Section 1523. I mean, that has to mean something. In other words, it isn't just a cross-reference. You have to apply the language, and the language is of the kind of those in Section 523A. Sure. So let's go to what's been called the conforming amendment, correct? Well, the conforming amendment results in a statutory language that's really insurmountable by the appellant. And the language is a discharge under Section, and it lists all the sections, discharge sections of individual chapters, including 1192. So a discharge under Section 1192 does not discharge an individual debtor from any debt. And then it lists, has 20 separate subsections. But there's an end dash after debt and before each of those subsections, and each of the subsections are separated by semicolons. This is a long, long sentence. We can't just ignore or disregard or minimize the plain language of the beginning of that sentence, which is that a discharge under Section 1192, along with all of the other provisions that are listed there. But your opposing counsel says that that's merely a conforming amendment, that the list isn't all that important because, as Judge Legoa pointed out, at least with regard to two chapters, they're all individuals. So what's the point of listing individual debt if they're only individual debt? What all we're doing is just listing it consistent with the reference in 1192, that 1192, the kinds that we're talking about are those kinds that are listed there. And some of those kinds, while you're right, some of them are individual, a lot of them are not individual. Some of them are in general and apply both to entity debtors and individual debtors. Your Honor, I've only identified four that cannot logically be applied to a corporate debtor under any circumstance. Right, but if you said, like, for example, of the kind, so instead of another synonym for kind would be type or category. So if you said of the kind or type specified in 523A, and you're talking about, in this case, a tax. Let's talk about a tax that's owed to the United States government, right? That's a tax that could be owed by an individual and also by a corporate entity, correct? That's correct. All right. So why would that not be of a kind that would fall except under this type of debt? So it's interesting that Your Honor is using this phraseology because it's different in 1192. It doesn't say of a kind. A is an indefinite article. It could apply to— It says of the kind, but that means the means is a very specific type. Exactly. And so, therefore, there's a list, right? 523 has a list, and it has A, B, C, whatever the list is, and then you go through and you say this kind, this tax, this fraud. So, correct, but when it says—I think that there is a difference between saying of a kind, and I put this in my brief, and the kind. And it's an important difference here because, as Judge Luck was saying during my counsel's presentation, the kind is referring to a singular, definite object. And here, we're looking at the entirety of Section 523A. And if you were just saying a kind, I think it's more plausible that you could refer to a kind to refer to any one of the 20 different subsections. I know, but I don't know that that advances the ball. You're right, but I just don't think it answers any of the question that we have before us today, which is whether that means individual or corporate. I mean, Judge Lugo is exactly right. It is the kind that is in 523A as opposed to a kind like it. So, but in looking at 523A, some of those are specific for individuals. Some of those could apply to corporate entities. And the language in 1192 is using the passive tense without referencing the debtor. I think that it puts too much emphasis of a kind is doing too much work under the appellant's interpretation. As Your Honor mentioned, Congress is not, it doesn't hide elephants in mouse holes. Right, but the problem is that that works against you here, because what you're saying is a conforming amendment cross-reference is the thing that is doing all the work here. And I think it has to. And I think that isn't generally what Congress does, and I think that is where a lot of courts have been really held up by this thing, including some courts that I put in really high regard. Excuse me, I didn't mean to interrupt. So I think if we go through the canons of construction here, for instance, a harmonious reading canon, the simplest, most compatible interpretation here is that a Section 1192-2 should be read in harmony with and not inconsistent with Section 523A. There's a clear, easy way to read and interpret 1192, so it's read not in contradiction with the beginning of Section 523A, but harmonious with Section 523A, which is that since Section 1192 is actually silent on the distinction between individual or corporate debtor, as Judge Luck pointed out, 523A, which is incorporated in its entirety, I believe, under the language of the kind specified, is not silent. It's very clear. It's loud and clear that 523A only applies to individual debtors. And although I do agree that the insertion of Section 1192 and 523A has been characterized as this conforming amendment, I don't think that that gives leave for the Court to ignore the plain language of Section 523A, which clearly states that a discharge under Section 1192 does not discharge an individual debtor. If 1192 then undid that by saying, well, it also applies to corporate debtors, then that would be an inconsistent interpretation. So things have changed since you filed your brief. At the time, and you cite in your brief, you say the majority of the bankruptcy courts agree with you, and the loan outlying circuit, the Fourth Circuit, disagrees. Since then, the Fifth Circuit has joined the Fourth Circuit. So right now, the circuit courts to examine this issue, they disagree with you, and you're asking us to create a circuit split. And, in fact, some of the bankruptcy courts that you have cited have been reversed. And, in fact, I think you had a 28-J letter, and that court has been reversed, too. So we don't have a majority anymore on either side, and we have the circuits lined up against you. So what's your best argument for why we need to move forward and create a circuit split? Thank you, Your Honor. You're right. There are now two circuits, and there's no other circuit-level decision out there. This would be the first one. If you were to rule in the appellee's favor, that would side with our position. I will say that, in the Eleventh Circuit, certainly the decisions that have come out have unanimously found that the court should not disturb the ages-long rule that the exceptions of discharge under 523A just simply don't apply to corporate debtors based upon the plain language, the plain reading of Section 523A. You're saying the bankruptcy courts in the Eleventh Circuit are unanimous on this issue? Correct, Your Honor. And I think if you did a survey of the bankruptcy courts throughout the nation, I would still say there's a majority of bankruptcy court decisions and some appellate court decisions that are in favor of affirming the bankruptcy court's decision in this case. I think the Moss-Fett case for the Ninth Circuit BAP is a perfect example of that, and it provides a great analysis in retort to the Fourth Circuit's analysis. I, you know, with all due respect to the Fifth Circuit, I don't think it added much to the textual analysis here. And I will give the Fifth Circuit credit. I think it's a well-done opinion there. But I think the Fifth Circuit itself was quite clear that this is a really close case. I think in a footnote one, it says, To be sure, the issue is a close and interesting one, as shown by the fact that it was recently the subject of a national bankruptcy moot court competition. And I think at the end also notes on how difficult and close the case is, but it's making the best call that it can. I think that's all that any of us can do, right? Exactly. It is a close case. What do we do with the argument raised by a bunch of the circuits and some of the bankruptcy courts in your opposing counsel is that where Congress does take the task, where the Congress is specific about where the debt is, it puts that in the exception itself. And it points to, I think it's 1141, where it says specifically corporate is excluded from the discharge. Why would, if individual, in other words, if Congress is going to say identify the parties, it is clear about identifying the parties. And then added to that is 1192 applies generally to debtors, which includes all debtors, corporate and non. So, Rupert, I think this thing could be said about section 1192, is that if Congress wanted to make it clear that it applied to both, it could have said that in 1192, which would have made it a little more clear when it entirely excerpted and incorporated reference 523A. But look at 1141, what happens if you take out 1141d2, which is the provision of 1141 that incorporates 523A. If you take that out, all you have is 1140 that talk about individual debtors, 1141d5, which doesn't mention any 523A exceptions. And then you have 1141d6, which would then be the only provision, 1141, that incorporates the exceptions that are 523A. But it does so explicitly. It's a very narrow carve out. It's only owed to the government. And it explicitly made that applicable to corporations. So, we have Congress. We have an example of where Congress in the past has wanted to make the exceptions under 523A applicable to corporations. Contrary to the 523A itself, it did so explicitly expressly in 1141d6. But if you didn't have 1141d2, I think it would create confusion in the statute 1141 as to whether or not Section 5, what the scope of Section 523A would actually be. I think the reason why 1141d2 references individual is because 1141 treats individual and corporate discharges differently line by line, verse by verse. So, to create redundancy and reinforce the rule, I think in 1141d2, Congress decided to go ahead and repeat. Can I ask you a question? Because when you read USC 1141-2, and it says, discharge under this chapter does not discharge a debtor who is an individual from any debt accepted from discharge under Section 523 of this title. I mean, that's a very particular use of the language and talks about any debt under Section 523, which is very different than the language of the kind specified, which is clearly very different language being used in the same chapter. It's different sections, but it's the same chapter. So, it's clear that there has to be a different meaning. Your Honor, I would push back against it just a little bit because although you're right, it's actually a novel argument that I haven't even thought of yet. But I would say that use of this phrase, of the kind, of a kind, there's a formula in these discharge provisions. You see it in 1228, 1328, and 1192, where there's a broad grant of a discharge with some exceptions listed down there. And then whenever they're incorporated, when a Congress incorporates 523A, they use this formula. But they tweaked it a little bit. They say, of the kind specified in Section 523A. And as Your Honor pointed out earlier, it doesn't change the fact that they didn't say individual debtor in 1192-2 doesn't change the plain language of Section 523A and the fact that if they included, it doesn't change the plain language of 523A, which I think would be rendered meaningless if you go with the appellant's interpretation. I see I'm way over time, Your Honors. I can answer any more questions, but I would ask that you affirm the bankruptcy court's decision. Thank you. Mr. Provencal, you have three minutes. Thank you, Your Honor. I think you've identified today that it really comes down to how you interpret the language debt of the type and whether that incorporates all the 523A or just the list. And I think you have to give mind to the fact that that language goes in 1192 and the cross-reference. For both part of the SBRA, one of those sections has substantive weight, 1192. It tells the court what to do when applying discharge in Subchapter 5 case. The other, the cross-reference to 1192, is a conforming amendment that simply adds a number. So to give weight to that, the court would have to ignore and go against the plain language of 1192, which tells the court exactly how to apply discharge to all debtors in Subchapter 5, corporate and individual alike. I'd also like to point out... What about the argument that, and the Ninth Circuit makes a lot of hay out of this in its BAP decision, and frankly it knows better than I do, but that it really is a sea change to allow any exceptions to corporate discharge. It is, they are narrow, and it took years to even get the very narrow ones that are there. And now we're going to do it almost silently. Well, I'd say two things. Do you understand that argument? And is there any weight to that? And what do we make of that? I understand the argument. I tend not to give it a lot of weight because I think it's asking the court to guess what Congress was thinking in how long it takes to make a law, which is not what the court is supposed to be doing, particularly when there is plain language for the court to interpret. But only some you want us to look at? No, I think you have to read it all, Your Honor. Isn't that the problem, though? You don't want us to read it all. You want us to read all of it except for what you call a conforming amendment. I don't think that's fair, Your Honor. I think my interpretation is that you read 1192 to incorporate debts of the kind. Debts of the kind simply refers to the list. So you're following the instruction of 1192 to just look at the list, not the preamble. But the preamble is part of it. In other words, if there's a subsection and incorporates all the language that's in the preamble that is included in it, it's part of it. I tend not to agree with that, Your Honor. I mentioned the Vans aircraft case earlier and I'll point you, Your Honors, to it again. In that case, the Oregon Bankruptcy Court specifically tackled this issue, and I'm looking at page 5, and it broke down the various discharge provisions and talked about which ones self-contained a limitation and which ones relied on 523's limitation. And we have a difference there. And so I think that's a meriting difference. And also to mention that 523 doesn't ever apply to a corporate entity. But those that didn't do it, those that were specific like the 1141 ones, were where they deviated from the general. But whereas the general incorporates the individual, does it not? I don't think it does, Your Honor. I was trying to mention Chapter 12 discharges. The unanimous case law there says 523 applies to a corporate entity in Chapter 12. I understand that not a lot of cases are there, but those cases exist. If you have any other questions, I'm happy to address them. Otherwise, I'll ask the Court to reverse the bankruptcy court. Thank you, Your Honors. Thank you both. We have your case under advisement, and we are in recess until tomorrow morning.